Charles T. DAWSON and wife, Alice
Dawson, Appellants,

v.

ADVANCE MORTGAGE
CORPORATION,
Appellee.

Supreme Court of Tennessee.

Oct. 11, 1977.

Robert H. Green, Maryville, for appellants.

J. W. Baker, Knoxville, for appellee.

## OPINION

PER CURIAM.

Appellants brought this suit against the holder of a retail installment contract, seeking to recover one of the statutory penalties for violation contained in T.C.A. § 47–11–107(b) and (c). Appellee had purchased the contract from the retail seller at some time after the instrument was executed on September 5, 1975. The contract provided for 120 monthly installments commencing October 5, 1975.

Pursuant to the provisions of T.C.A. § 47–11–107(d), appellants gave written notice to appellee of an alleged violation of the time-price differential provisions of T.C.A. § 47–11–103(d), this notice having been given by letter dated November 19, 1976. The complaint alleged that more than thirty days elapsed without correction of the alleged violation, and suit was thereafter instituted on January 3, 1977.

Appellee interposed a number of defenses not pertinent here, but by its amended answer it pled the statute of limitations of one year for the recovery of statutory penalties as provided in T.C.A. § 28–304. It further relied upon the provisions of T.C.A. § 28–102, to the effect that when a right of action exists, but a demand is necessary to entitle the plaintiff to sue, the statute of limitations "commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand."

■ It is clear both from the language of the statute and from the cases construing it that the penalties here sued for are statutory penalties within the purview of T.C.A. § 28–304, and it is also clear that written notice to the alleged violator of the Retail Installment Sales Act is a condition precedent to the maintenance of an action to recover such penalties. *See Southland Tractors, Inc. v. H & N Constr. Co.,* 52 Tenn.App. 664, 377 S.W.2d 789 (1963), holding that failure to give the requisite written notice was fatal to a claim for the penalty.

■ The trial judge sustained appellee's motion for judgment on the pleadings, based upon the one-year statute of limitations, and we are of the opinion that he was correct in doing so. Appellant properly points out that suit was instituted within one year after the lapse of thirty days from the date of written notice, but the violation of the Retail Installment Sales Act complained of occurred, if it occurred at all, on the date when the contract was executed. There is no allegation in the complaint indicating any reason why demand could not and should not have been made immediately for correction of the alleged violation; consequently there are no allegations to remove the claim from the operation of T.C.A. § 28–102, above quoted, and the one-year statute of limitations applicable to claims for a statutory penalty. There is no suggestion of any disability on the part of appellants to make the requisite demand, of fraudulent concealment of the cause of action, or of any other basis for tolling the statute of limitations or completion of appellant's "right to make the demand" under T.C.A. § 28–102. We find nothing either in the terms of the latter statute or the cases construing it limiting its operation to demand promissory notes, as suggested by appellants.

There was no effort made to amend the complaint in the trial court, either before or after the appellee's motion for judgment on the pleadings was ruled upon.

In this Court appellants assert, apparently for the first time, a claim that there was a continuing violation of T.C.A. § 47–11–103(d), in that each monthly payment contained a portion of the illegal or excessive charges, and that the acceptance of each payment by appellee "constituted a separate and recurring violation" of the statute.

■ There are several difficulties with this theory. Even if such a claim were tenable in a suit for a specific penalty, it is not the basis upon which this complaint was filed. The complaint simply states that the contract "on the face of it" is in violation of the statute "as the finance charge therein exceeds the maximum allowed . . . ." This seems to be an allegation that the

violation occurred when the contract was executed. Further, there is no reference whatever in the complaint to any monthly payments having been made by appellants or received by appellee, nor were any allegations of an alleged continuing violation and renewal of the alleged cause of action contained in the original complaint or supplied by amendment. Nothing in the written notice given to appellee suggested any such theory, the notice simply stating that the contract "is in violation of the Tennessee Retail Installment Sales Act specifically Tennessee Code Annotated section 47–11–103(d)." The suit was filed exclusively and specifically to recover one of the statutory penalties plus counsel fees. There was no alternative relief sought, such as reformation or recovery of the excess charges. There was no demand for equitable or general relief.

The judgment of the trial court is affirmed at the cost of appellants.